IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| NATHANIEL HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION. NO. |
| | ) | 2:11cv38-MHT |
| ALA. DEPT. OF CORRECTIONS | ) | [WO] |
| COMMISSIONER, et al., | ) | |
| | ) | |
| Defendants. | ) | |


| | | |
|---|---|---|
| NATHANIEL HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:11cv44-MHT |
| | ) | [WO] |
| ALA. DEPT. OF CORRECTIONS | ) | |
| COMMISSIONER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

In these consolidated lawsuits, the plaintiff
Nathaniel Hayes bring claims for relief pursuant to 42
U.S.C. § 1983 and named the following as defendants:
the Alabama Department of Corrections Commissioner;

1

Kilby Correctional Facility Warden John Cummings, whose last name is actually "Cummins"; Correctional Captain Victor Napier; Classification Officer Angela Lawson; and Correctional Officers Douglas McKinney and Taurean Crawford.

Pursuant to the orders of the court the defendants have filed a special report in response to the complaints. Hayes was instructed to file a response to the special report and informed that at any time after the filing of his response the special report could be treated by the court as a motion for summary judgment. These instructions also informed Hayes about how to properly respond to a motion for summary judgment. Hayes has filed his response, and, therefore, these cases are before the court on the defendants' motion for summary judgment. For reasons that follow, the summary-judgment motion will be entered in favor of the defendants.

## I.   LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The court must view the admissible evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party.  Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## II.   THE FACTS

On December 22, 2010, Hayes was transferred from Holman Prison to Kilby Correctional Facility where he was initially placed in general population.  The next day, however, Hayes was transferred to administrative segregation where he remained for 48 days.  He does not dispute that, while in segregation his status was

3

reviewed once weekly by a team of correctional officials, which team included a psychologist. The transfer of Hayes to segregation precipitated this lawsuit.

## III.  DISCUSSION

A.  <u>Respondent-Superior Claim</u>.  Hayes claims that the Alabama Corrections Department Commissioner and the Kilby Warden should be held liable for the violations of "staff subordinates."  Of course, it "is axiomatic, in section 1983 actions, that liability must be based on something more than a theory of respondeat superior."  <u>Brown v. Crawford</u>, 906 F.2d 667, 671 (11th Cir. 1990).  A supervisor must have either participated in the constitutional deprivation or taken actions linked to the deprivation through a causal connection. This link can be established when a history of abuse puts the supervisor on notice of deprivations and the supervisor fails to correct them; when improper custom or policy breed indifference to constitutional rights;

4

or when the "supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008).

Hayes presents absolutely no evidence showing that these two defendants participated in the actions about which he complains; had any knowledge of any alleged violations of his constitutional rights; or otherwise is subject to liability for actions of their subordinates. Therefore, summary judgment is due to be granted in favor of the Alabama Corrections Department Commissioner and the Kilby Warden.

B. Administrative-Segregation Claim. Hayes claims that the placement of him in the Kilby Facility's administrative segregation without cause violated his constitutional rights. Hayes was in administrative segregation at Holman Prison at the time he was transferred to the Kilby Facility, and he further contends that his rights were violated at the Kilby Facility because he was not given an extension

5

notification of his continued placement in segregation.
Hayes specifically alleges that Captain Napier should
be held liable because he "was aware of the violations
of plaintiff's rights because he's responsible for the
operation of the Segregation Unit, as he review (sic)
the status of each inmate on a weekly basis w/ the
Segregation Review Board."  With regard to Correctional
Officer Crawford, Hayes claims he "was a party that
processed plaintiff into Administrative Segregation w/o
cause."[1]

As a matter of law, Hayes is entitled to no relief
on this claim. Placement of an inmate in segregation or
administrative confinement for limited periods of time
does not impose an "atypical, significant deprivation"

---

1.  It is unclear which, if any, of the other
defendants Hayes contends violated his constitutional
rights because he was placed in administrative
segregation.  For example, with respect to Classification
Officer Lawson, Hayes states she was "put on notice of
the violations of plaintiff's rights, but failed to
respond in any manner."  Since the court concludes that
on the merits Hayes is not entitled to relief on any of
his claims, it is unnecessary for the court to parse the
complaint, as amended, claim by claim and defendant by
defendant.

sufficient to give rise to a constitutionally protected liberty interest. Sandin v. Conner, 515 U.S. 472, 485-87 (1995) (concluding 30 days of disciplinary segregation did not give rise to a protected liberty interest); see also Rodgers v. Singletary, 142 F.3d 1252, 1253 (11th Cir.1998) (concluding two months in administrative confinement did not constitute deprivation of a protected liberty interest).

While at the Kilby Facility, Hayes was in segregation for 48 days during which his status was reviewed weekly. Hayes has presented no facts that show that this confinement imposed an "atypical and significant hardship on ... [him] in relation to the ordinary incidents of prison life" that would qualify as a liberty deprivation implicating due process. Sandin, 515 U.S. at 484-85. The defendants are entitled to summary judgment as a matter of law on Hayes's segregation claim.

C.    Adulterated-Food Claim.    In his original complaint, Hayes alleges that the "[Alabama Department

7

of Corrections] Administration is continuing to spike
my food trays and store draw with mood altering drugs."
More specifically, he contends that Sergeant McKinney[2]
"spiked plaintiff's food trays continuously due to
plaintiff's past behavior."   To the extent that this
claim is premised on a retaliation theory, the court
will separately address that issue in a later section
of this opinion.

Hayes's spiked-food claim arises under both the
Eighth and Fourteenth Amendments.  The Eighth Amendment
requires that prisoners be provided "reasonably
adequate food. ...  A well-balanced meal, containing
sufficient nutritional value to preserve health, is all
that is required."  Hamm v. De Kalb County, 774 F.2d
1567, 1575 (11th Cir. 1985).  In addition, it is
undeniable that Hayes possesses a significant liberty
interest in avoiding the unwanted administration of

---

2.  The original complaint names Sergeant Jenkins as
a defendant in this claim.  In an amended complaint filed
February 7, 2011, Hayes substituted McKinney for Jenkins
whom Hayes "erroneously identified."

8

mood-altering drugs under the Due Process Clause of the Fourteenth Amendment. See Washington v. Harper, 494 U.S. 210, 221-22 (1990).

The difficulty for Hayes is that he has presented to the court absolutely no evidence that supports his adulterated food claim. A plaintiff's mere verification of conclusory allegations is not sufficient to oppose a motion for summary judgment. Harris v. Ostrout, 65 F.3d 912 (11th Cir. 1995); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). And, "although [the court] must view factual inferences favorably toward the nonmoving party and pro se complaints are entitled to a liberal interpretation by the courts, ... a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine ... [dispute] as to a fact material to his case in order to avert summary judgment." Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990) (a pro se litigant's allegation of contaminated drinking water found unsubstantiated and

9

completely speculative because the litigant failed to submit a doctor's diagnosis or any medical examination evidence supporting those allegations). Hayes has submitted no evidence that would support a conclusion that the food he received at Kilby was nutritionally inadequate and no evidence substantiating his mere contention that mood-altering drugs were placed in his food or store-draw items.   In other words, Hayes has failed to produce "sufficient [favorable] evidence" that would be admissible at trial supporting his claim of a constitutional violation.   See Anderson v. Liberty Lobby, Inc., supra; Rule 56(e)(1), Federal Rules of Civil Procedure.   In the absence of such proof creating a genuine dispute, the defendants are entitled to summary judgment on this claim.

D.   Retaliation Claim.   To understand this claim, it is necessary that the court look closely at Hayes's complaints.   The original complaint was filed on January 14, 2011, on a form provided by the court.   In the section of that form in which Hayes is asked to

10

explain his claim briefly, he wrote that the "Administration is retaliating harassment for the behavior code(s) in my file, due to past disciplinaries." In the next sections of the complaint form, Hayes is asked to explain his claim against each named defendant. In these sections of the complaint, there is no direct reference to any retaliation claim. With respect to Sergeant Jenkins (later identified as Sergeant McKinney), Hayes states that he "spiked plaintiff (sic) food trays continuously due to plaintiff's past behavior." But there is no mention of retaliation otherwise. Hayes filed several other amended complaints on January 21, 2011, January 25, 2011, and February 7, 2011. In none of these amendments did Hayes mention retaliation.

In the defendants' special report and in their separate affidavits, the defendants understandably do not mention retaliation. Hayes then filed his response:

> "Defendant(s) has overlooked plaintiff's underlying claim of retaliated harassment, which now is fully developed.
>
> "Plaintiff was charged with an Assault at Holman Prison, and while in Lock-up, he was arbitrarily classed under a (Seg Boarded) Campaign Demonstration, due to a framed disciplinary transcript. <u>Seg. Boarded</u>--meaning, subjected an inmate to demonstrated harassment, due to disciplinary files.
>
> "However, plaintiff transferred from Holman to Kilby on a lay over, en route to Donaldson; as Kilby Classification received special Instructions to prep a Seg. Boarded Rally: (by serenading propaganda [false] campaigns throughout the Institution), before transferring plaintiff to Donaldson on a Hostile Seg. Boarded Rally Campaign, in a conspiracy to provoke entrapment; as demonstrated by defendant(s) orchestrated harassment."

The method of establishing a retaliation claim is essentially the same as for a claim of race or sex discrimination. <u>Donnellon v. Fruehauf Corporation</u>, 794 F.2d 598, 600-01 (11th Cir. 1986). An inmate has the initial burden of establishing a prima-facie case of unlawful retaliation by a preponderance of the

evidence, which once established raises a presumption that prison officials retaliated against the inmate. Texas Dep't of Cmty Affairs v. Burdine, 450 U.S. 248 (1981). Merely alleging the ultimate fact of retaliation, however, is insufficient. Cain v. Lane, 857 F.2d 1139, 1142, n.6 (7th Cir. 1988). Additionally, conclusory allegations are insufficient to demonstrate the existence of each element required to establish retaliation. Morales v. MacKalm, 278 F.3d 126, 131 (2d Cir. 2002), abrogated on other grounds by Porter v. Nussle, 534 U.S. 516, 532 (2002); see also Bennett v. Goord, 343 F.3d 133, 137 (2nd Cir. 2003) (because prisoner retaliation claims are prone to abuse, "we are careful to require non-conclusory allegation."). If an inmate establishes a prima-facie case, the burden then shifts to the prison officials to rebut the presumption by producing sufficient evidence to raise a genuine issue of fact as to whether the prison official retaliated against the inmate. This may be done by the prison official articulating a

13

legitimate, non-retaliatory reason for the adverse decision or action, a reason which is clear, reasonably specific and worthy of credence.  The official has a burden of production, not of persuasion, and thus does not have to persuade a court that he or she actually was motivated by the reason advanced.  Burdine, supra. Once the jail official satisfies this burden of production, the inmate then has the burden of persuading the court by sufficient and admissible evidence that the proffered reason for the adverse decision or action is a pretext for retaliation.  Id.

Given the liberality with which the court must construe pro se complaints, the court construes Hayes's complaints as raising a retaliation claim with respect to spiking his food and store draws and with regard to placement of him in segregation.  With regard to the food and store-draw claims, Hayes's retaliation claim founders on the first prong of establishing such a claim because, as earlier noted, he failed to adduce any evidence that the defendants placed in his food or

14

store draw any foreign objects or mood-altering drugs.
His allegations are merely conclusory and as such are
insufficient to establish that the defendants
retaliated against him.

With regard to segregation, the court will assume
that Hayes presented a prima-facie case. The
defendants have come forward with a legitimate, non-
discriminatory reason for placing Hayes in segregation.
In his affidavit, the Kilby Warden states:

"On December 22, 2011, Inmate Hayes
arrived at Kilby and was placed in B-
Dormitory which is a population
dormitory. On December 23, 2011, Ms.
Lawson was off and Kilby's other
Classification Supervisor, Ms. Ashley
Slatton reviewed Inmate Hayes file
which indicated that he was in
Administrative Segregation at Holman
Correctional Facility. Ms. Slatton
then contacted the Director of
Classification, Carolyn Golson, to
verify if inmate Hayes placement in
population was accurate due to the
fact that Inmate Hayes was in
Administrative Segregation at the time
of transfer. Ms. Golson informed Ms.
Slatton that Kilby could not release
an inmate that was in Administrative
Segregation into population and that
only the approved receiving

15

institution (William E. Donaldson or St. Clair) could release Inmate Hayes to population. Inmate Hayes had been approved to be transferred to William E. Donaldson or St. Clair Correctional Facility. Inmate Hayes was immediately removed from Kilby Correctional Facility population and placed in Administrative Segregation to await transfer to his approved facility. Inmate Hayes was given a detention notification, as required by Administrative Regulation #433 Administrative Segregation, informing him that he was being placed in Administrative Segregation and he refused to sign...."

These facts, which Hayes does not dispute, except if at all in a conclusory fashion, are sufficient to meet the defendants' burden of producing a legitimate, non-retaliatory reason for placing Hayes in segregation. Thus the burden now shifts to Hayes to produce admissible evidence that demonstrates that the reason proffered by the defendants is a pretext for retaliation.

The court has set forth above Hayes's response to the defendants' motion for summary judgment. As interpreted by the court, Hayes appears to claim that

16

his placement in segregation at Holman was caused by a "framed disciplinary...." It is well established in this circuit that, in meting out discipline to inmates, prison officials may not rely on information they know to be false. See Monroe v. Thigpen, 932 F.2d 1437, 1441-42 (11th Cir.1991). But Hayes presents no evidence that any of the defendants had any knowledge that disciplinary action taken against him by prison officials at Holman Prison was based on false information. Hayes suggests that the actions against him were the result of a conspiracy, but he fails to present any non-conclusory and meaningful evidence that the prison officials reached an agreement to violate his constitutional rights. Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1283-84 (11th Cir.2002). In short, Hayes has failed to meet his burden of showing that any reason proffered by the defendants is a pretext for retaliation. The defendants are entitled to summary judgment on Hayes's retaliation claim.

17

There is one final matter the court must address. In his response to the motion for summary judgment, Hayes argues that the defendants "overlooked ... [his] underlying claim of Retaliated Harassment...." While it is correct that in their motion for summary judgment, the defendants did not directly identify retaliation as a claim on which they were seeking summary judgment, Hayes did not name specifically any of the defendants as retaliating against him. Instead, he claimed that the "DOC Administration," which is not a party, was responsible for retaliation. Thus, under these circumstances the court cannot fault the defendants for failing to directly address his retaliation claim. Moreover, the defendants have presented a sufficient evidentiary basis for the court to determine Hayes's retaliation claim on the merits, and, for the reasons already set forth, the court finds that claim to lack merit.

\*\*\*

The defendants are, therefore, entitled to summary judgment in their favor on all of Hayes's claims.  An appropriate judgment will be entered in these two cases.

DONE, this the 27th day of March, 2014.


           /s/ Myron H. Thompson
     UNITED STATES DISTRICT JUDGE